IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FILED
U.S. BANKRUPTCY COURT
EST & WST DISTS. OF ARK.

DEC 30 2002

JEAN ELIZABETH ROLFS, CLERK
By:_____
DEP. CLERK

IN RE:

MICHAEL TODD BRADLEY AND
VICKIE D. BRADLEY

Debtors.

Chapter 7
Case No. 01-81522F

## MOTION FOR ORDER TO ALLOW LATE FILING OF APPEAL

Come Now the Debtors, by and through their undersigned attorney of record, and for their Motion for Order to Allow Late Filing of Appeal do state to the Court:

1. On August 21, 2002 this Court entered its order denying Trustee's objections to Debtors' exemptions but also ordering a sale of the exempt homestead together with the non-exemption portion of the debtors' lot in Springdale, Arkansas.

2. Trustee timely filed a notice of appeal.

3. Debtors' timely filed a Motion to Amend August 20, 2002 Order and/or to Make Additional Findings and/or for New Trial and/or to certify exemption questions to the Arkansas Supreme Court. The Motion contains a typographical error, in that the Bankruptcy Court Order was dated and entered on August 21, 2002 and Debtors' Motion erroneously refers to an order of August 20, 2002.

4. Pursuant to Rule 8002(b) of the Rules of Bankruptcy Procedure the Debtors' time for filing Notice of Appeal was extended until 10 days after the entry of an order disposing of the aforesaid Post-Trial Motion of Debtors.

5. On October 21, 2002 this Court entered an Ordered denying Debtors' Post-trial Motion. The Order was not sent to Debtors' attorney electronically. Rather the Order was mailed.

6. Early on the morning of October 22, 2002, Debtors' attorney left Little Rock by airplane for Italy.

7. Debtors' attorney returned to Little Rock from Italy on October 31, 2002 arriving in Little Rock at 10:00 p.m.

8. The next day, November 1, 2002, Debtors' attorney found out about the Court's October 21, 2002 Order and filed Notice of Appeal electronically in the afternoon.

9. An agreed order staying the sale of the homestead has been entered.

10. Trustee has filed her brief to the Bankruptcy Appellate Panel and so have Debtors.

11. On Wednesday, December 18, 2002 the Bankruptcy Appellate Panel dismissed Debtors' cross appeal on the basis that it was not timely filed.

12. Debtors' attorney submits that no one has been injured by the late filing of Debtors' cross-appeal and that the equities of the situation require that Debtors' cross-appeal be deemed timely.

Whereupon Debtors move the Court for an order deeming Debtors' cross appeal to be entered and/or for an Order allowing Debtors to file a new Notice of Appeal or whatever other means of relief can be granted in order to prevent the obvious unjustness of Debtors' cross appeal being dismissed.

Respectfully Submitted,

By: _____
Charles W. Baker (AB# 68003)
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201
(501) 377-0319
(501) 375-1309 FAX
Email: cbaker@roselawfirm.com

2

69477-1

## CERTIFICATE OF SERVICE

I, Charles W. Baker, do hereby certify that I mailed a copy of the above and foregoing Motion for Order to Allow Late Filing of Appeal to the below-named counsel of record on the 23 day of December, 2002.

                                                Charles W. Baker

Renee S. Williams, Trustee
P. O. Box 21306
Hot Springs, AR 71903-1306

Mr. Thomas S. Streetman
Streetman, Meeks & McMillan
P. O. Drawer A
Crossett, AR 71635

69477-1